999 F.2d 542
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marciano Barraza TORRES, Petitioner-Appellant,
v.
Eddie YLST, Warden, Respondent-Appellee.
 No. 92-16557.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 14, 1993.
Decided July 9, 1993.
 
 Before LAY,* HUG and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This is an appeal from the denial of a petition for habeas corpus based upon petitioner's claim that he was denied effective assistance of counsel. The district court correctly analyzed the petition under the standards enunciated by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). On appeal, petitioner contends that he was entitled to a presumption of prejudice. See United States v. Cronic, 466 U.S. 648 (1984). In Cronic, the Supreme Court held that a presumption of prejudice arose when counsel was granted so little time to prepare that he could not possibly have rendered effective assistance. By contrast, here counsel engaged in a tactical decision. First, he deliberately refused to request a continuance for preparation when petitioner refused to waive his right to a speedy trial. Second, counsel deliberately refrained from participating in the trial (until the trial court became aware of the tactic and ordered him to do so), alleging that he had been denied an adequate opportunity to prepare as a result of state restrictions on confidential meetings with petitioner. The latter contention lacks merit because the state court of appeals found that counsel had an adequate opportunity to prepare. This case is therefore unlike Cronic. The district court correctly recognized that counsel should not be able to subvert the prejudice prong of the Strickland analysis by deliberately refusing to participate in a portion of a trial.
 
 
 3
 There was no prejudice. As the district court stated, "Torres has not set forth any available defense that [counsel] failed to explore or any witnesses who may have presented the defense for him." Cf. United States v. Martin, 744 F.2d 1245 (6th Cir.1984) (counsel's failure to participate prejudicial because affidavit exonerating defendant existed). Here there was a deliberate refusal to participate or request a continuance in order to enforce the likelihood of reversal.
 
 
 4
 AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3